UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ARI BAILEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 12-0498 (ABJ) |
| ISAAC FULWOOD, JR., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## **MEMORANDUM OPINION**

This matter is before the Court on the defendants' motion to dismiss the complaint.[1] For the reasons discussed below, the motion will be granted.

I.  BACKGROUND

On October 20, 1994, in the Superior Court of the District of Columbia, Ari Bailey ("the plaintiff") was sentenced to a term of 15 to 45 years' imprisonment on his conviction for rape. Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss ("Defs.' Mem."), Ex. A (Judgment and Commitment Order); *see Bailey v. United States*, 699 A.2d 392 (D.C. 1997). He became eligible for parole on September 11, 2004. Defs.' Mem., Ex. B (D.C. Initial Prehearing Assessment) at 1. Parole had been denied on two previous occasions, *see id.*, Ex. D, H (Notices of Action dated October 22, 2004 and October 11, 2007, respectively), and now the plaintiff challenges the

---

[1]  The Plaintiff's First Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(c) [ECF No. 26] does not comply in form and substance to Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 7(h). The motion will be denied, and treated instead as the plaintiff's opposition to the defendants' motion to dismiss.

1

parole decisions made in 2010 and 2012.  *See* Compl. ¶¶ 33, 36-37; *see* Defs.' Mem., Ex. K, M (Notices of Action dated March 1, 2010 and March 19, 2012, respectively).

II. DISCUSSION

The plaintiff alleges that the defendants have violated the ex post facto clause of the United States Constitution, U.S. CONST. art. I, § 9, cl. 3, by retroactively applying parole guidelines ("2000 Guidelines") promulgated by the USPC for District of Columbia Code offenders  rather than regulations ("1987 Regulations") promulgated by the former District of Columbia Board of Parole, *see generally* Compl. ¶¶ 32-51, and thereby "created a significant risk [that he] would serve a lengthier [term of] incarceration."  *Id.* ¶ 44.  The claim is without merit.[2]

The Supreme Court instructs that the retroactive application of parole guidelines may run afoul of the ex post facto clause if the application "created a significant risk of increasing . . . punishment."  *Garner v. Jones*, 529 U.S. 244, 255 (2000); *see Phillips v. Fulwood*, 616 F.3d 577, 580 (D.C. Cir. 2010).  It is apparent from the Court's review of the record that the USPC applied the Parole Board's 1987 Regulations – not the 2000 Guidelines – in 2010 and again in 2012.  *See* Defs.' Mem., Ex. K, M.  There is no ex post facto violation where, as here, the USPC applied the regulations which were in effect at the time the plaintiff committed the underlying criminal

---

[2]  Also without merit is the plaintiff's claim that the defendants are "usurping the authority" of the sentencing court by causing him to serve a portion of his sentence in prison.  Compl. at 18. The USPC does not impose a sentence.  Rather, the statutes under which USPC operates "govern the *execution* of a judicially imposed sentence."  *Moore v. U.S. Parole Comm'n*, No. 10-1987, 2011 WL 550003, at *1 (D.D.C. Feb. 10, 2011) (emphasis added).  Therefore the USPC "does not usurp a judicial function when, as here, it acts 'pursuant to the parole laws and regulations of the District of Columbia.'"  *Thompson v. District of Columbia Dep't of Corr.*, 511 F. Supp. 2d 111, 114 (D.D.C. 2007) (quoting D.C. Code § 24-131(c)).

offense, even if the ultimate parole determination caused the plaintiff to serve an additional portion of his sentence in prison.

The 1987 Regulations permit an upward departure "in unusual circumstances," and thus the USPC may deny parole even if an individual's point score indicates otherwise. 28 D.C.M.R. § 204.22 (1987); *see Phillips*, 616 F.3d at 582 ("The 2000 [Guidelines] permit the Commission, in 'unusual circumstances,' to depart upward based on a prisoner's risk to society. *See* 28 C.F.R. § 2.80(n). But so, too, did the 1987 regulations."). The USPC puts forth the following explanation for its most recent decision to deny parole:

> You continue to be scored under the 1987 [G]uidelines of the D.C. Board of Parole . . . . [The 1987 Regulations] indicate that parole should be granted at this time. However, a departure from the guidelines at this consideration is found warranted because the [USPC] finds there is a reasonable probability you would not obey the law if released, and your release would endanger public safety. You are a more serious risk than indicated by your point score because you have not yet completed any programs that address the underlying cause of your criminal conduct of rape. At the time you committed the rape offense in DC there was an outstanding warrant for your arrest based on another rape in Baltimore, Maryland. You have been confined in a closed prison setting for the past two years based on your prior institution misconduct and you have not continued significant programming since that time. The [USPC] is, therefore, not granting you release on parole and is rehearing your case in two years outside the guidelines to allow for sufficient time for program participation. In addition, it is expected you will continue to remain free of any disciplinary infractions.

Defs.' Mem., Ex. M at 1. The defendants thus "specify in writing the factors which [the USPC] used to depart" from the 1987 Regulations. 28 D.C.M.R. § 204.22. The decision, adequately supported by the record, reflects the defendants' conclusions that there is no "reasonable

probability that [the plaintiff] will live and remain at liberty without violating the law [and] that his . . . release is . . . incompatible with the welfare of society." D.C. Code § 24-404(a).

The Court concludes that the complaint fails to state a claim on which relief can be granted.[3]  *See Wellington v. Fulwood*, No. 12-0209, 2013 WL 140254, at *3 (D.D.C. Jan. 11, 2013) (rejecting ex post facto claim where Notices of Action show that the USPC applied the 1987 Regulations, and did not apply its 2000 Guidelines retroactively, to prisoner's case).  The defendants applied the correct parole guidelines to the plaintiff's case, and the upward departure from those guidelines is adequately supported by the record and explained in the USPC's March 1, 2010 and March 19, 2012 Notices of Action.  Accordingly, the defendants' motion to dismiss will be granted.  An Order is issued separately.

                                                         /s/
                                                         AMY BERMAN JACKSON
                                                         United States District Judge

DATE: May 20, 2013

---

[3]  To the extent that the plaintiff's ex post facto claim can be construed as a request for a writ of habeas corpus, the claim already has been considered and denied.  *See Bailey v. Fulwood*, No. 3:CV-11-435, 2012 WL 5928302 (M.D. Pa. Nov. 26, 2012).